# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PAUL RECKTENWALD,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

Case No. 3:15-cv-00187-RCJ-VPC

**ORDER**

    Before the court is petitioner's motion for reconsideration of the courts order denying his motion for the appointment of counsel (ECF #9).

    Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), cert. denied 512 U.S. 1236 (1994).

    Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer

equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

As the court explained previously, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

In the order dated April 30, 2015, the court denied petitioner's motion for appointment of counsel because, while petitioner is serving a lengthy sentence, his petition presents the issues in a sufficiently clear manner, and the legal issues do not appear to be particularly complex (ECF #4). In his motion for reconsideration, petitioner claims that he has only a seventh-grade education, is functionally illiterate, and that his former counsel drafted the claims in his federal petition (ECF #9).

The court has reviewed the petition again and remains unconvinced that appointment of counsel is justified. The claims are specific with specific citations to the transcript and other state-court records.

Further, while petitioner claims that his limited education warrants appointment of counsel, the grievances he attaches to his motion for reconsideration, together with the motion itself, all of which he appears to have written, belie this claim. Petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order denying his motion should be reversed. Accordingly, petitioner's motion for reconsideration of the denial of his motion for appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for district judge to reconsider order (ECF #9) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for copies of his motion for reconsideration and exhibits (ECF #10) is **GRANTED**. The Clerk **SHALL SEND** to petitioner one copy of his filings at ECF #9.

**IT IS FURTHER ORDERED** that petitioner's motion for change of venue and recusal of judge (ECF #11) is **DENIED** as patently frivolous.

Dated this 1st day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE