UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAUL RECKTENWALD,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

Case No. 3:15-cv-00187-RCJ-VPC

**ORDER**

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the court on petitioner Recktenwald's motion for appointment of counsel (ECF No. 27).

As the court has previously explained, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).

Here, the court previously denied petitioner's motion for counsel. The court is not necessarily persuaded by petitioner's continued protestations that the complexity of his case, the limits of the prison law library paging system and his mental limitations warrant counsel. Based on earlier filings, the court discerned that petitioner was serving consecutive life sentences with the possibility of parole. However, respondents subsequently filed copies of Recktenwald's sentencing hearing transcript and judgment of

conviction, which have now demonstrated to this court that petitioner is serving multiple terms of life in prison without the possibility of parole.  Thus, the court concludes that counsel is justified to ensure due process.  *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). Accordingly, counsel shall be appointed to represent petitioner.

In light of the appointment of counsel, petitioner's *pro se* motions for an evidentiary hearing and discovery, for extension of the copywork limit, and for sanctions shall be denied as moot.  Petitioner also filed a proposed order on default, arguing that respondents failed to respond to his petition (ECF No. 33).  In fact, respondents timely responded (*see* ECF Nos. 24, 34, 35).  Therefore, this court shall grant respondents' motion to strike the proposed order (ECF No. 34).  Finally, respondents' motion to dismiss (ECF No. 35) shall be denied without prejudice to renew the motion after the filing of any amended petition.

**IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel (ECF No. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent petitioner.

**IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 5).  The FPD shall have thirty (30) days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.

**IT IS FURTHER ORDERED** that, after counsel has appeared for petitioner in this case, the court will issue a scheduling order, which will, among other things, set a deadline for the filing of a first amended petition, if any.

**IT IS FURTHER ORDERED** that the following motions filed by petitioner: motion to extend prison copywork limit (ECF No. 47); motion for appointment of counsel (ECF No. 50); *ex parte* motion for appointment of counsel and request for evidentiary hearing (ECF No. 55); and motion for sanctions (ECF No. 62) are all **DENIED** as moot.

**IT IS FURTHER ORDERED** that respondents' motion to extend time (ECF No. 24) is **GRANTED** *nunc pro tunc*.

     **IT IS FURTHER ORDERED** that respondents' motion to strike (ECF No. 34) is **GRANTED**. The Clerk **SHALL STRIKE** the proposed order on default judgment at ECF No. 33.

     **IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 35) is **DENIED** WITHOUT PREJUDICE to renew.

     **IT IS FURTHER ORDERED** that respondents' motion to strike surreply (ECF No. 60) is **DENIED** as moot.

     DATED: This 9th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE