

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PAUL RECKTENWALD,

    Petitioner,

v.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 3:15-cv-00187-RCJ-VPC

ORDER

This counseled habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss petitioner Paul Recktenwald's second-amended petition (ECF No. 99). Recktenwald opposed (ECF No. 102), and respondents replied (ECF No. 107).

I.    **Procedural History and Background**

On October 24, 1997, a jury found Recktenwald guilty of counts 1-2, 6-10: sexual assault of a child under 16 years of age; counts 3, 11-15: statutory sexual seduction; counts 4-5: possession of a controlled substance; and count 16: kidnapping (exhibit 111).[1] At sentencing, the state district court set aside the statutory sexual seduction counts as lesser included offenses, pursuant to *Meador v. State*, 711 P.2d 852 (Nev. 1985). On February 10, 1998, the state district court adjudicated Recktenwald a habitual criminal and sentenced him to a term of life without the possibility of parole, among other sentences. Exh. 120. Judgment of conviction was filed on February 12,

---

[1] Exhibits referenced in this order are exhibits to respondents' first motion to dismiss, ECF No. 35, and are found at ECF Nos. 36-46.

1

1998. Exh. 122. The Nevada Supreme Court affirmed the convictions on January 25, 2000, denied Recktenwald's petition for rehearing and petition for rehearing en banc, and remittitur issued on May 5, 2000. Exhs. 150, 154, 156, 159.

On December 6, 2000, Recktenwald filed a proper person state postconviction petition for writ of habeas corpus. Exh. 185. The state district court appointed nine different attorneys to represent petitioner; only one moved to withdraw for a reason other than a breakdown of the attorney-client relationship. *See* exh. 240. On August 11, 2011, Recktenwald's ninth appointed counsel filed a supplemental state postconviction petition. Exh. 223. On March 21, 2013, the state district court denied the petition. Exh. 240. On April 10, 2014, the Nevada Supreme Court issued an order of limited remand, directing the state district court to enter an order with specific findings of fact and conclusions of law. Exh. 265.

On June 6, 2014, the state district court issued its order denying Recktenwald's petition. Exh. 268. On November 3, 2014, the Nevada Supreme Court affirmed the denial of the petition, denied a petition for rehearing and a petition for rehearing en banc, and remittitur issued on April 17, 2015. Exhs. 273, 276, 281, 282.

Recktenwald dispatched his federal petition for mailing on or about March 25, 2015 (ECF No. 5). This court appointed counsel (ECF No. 67). Respondents now move to dismiss the counseled, second-amended petition on the bases that the claims are unexhausted, procedurally barred and/or noncognizable in federal habeas corpus (ECF No. 99).

II. **Legal Standards & Analysis**

a. **Exhaustion**

State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

(A) The applicant has exhausted the remedies available in the court so the State; or

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However,

citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**Ground 1**

Recktenwald alleges that the trial court allowed introduction of evidence of prior bad acts in violation of his Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial (ECF No. 98, pp. 13-15). Specifically, he argues that the trial court improperly allowed testimony from various witnesses, without any hearing or evidence to support it, that: (1) Recktenwald was previously charged with the rape of M.H. (the alleged victim in this case); (2) that he habitually ran a methamphetamine lab; and (3) that he was a convicted murderer. He also claims that after the trial court held a hearing pursuant to *Petrocelli v. State*, 692 P.2d 503 (Nev. 1985), the court allowed into evidence (4) testimony from M.H.'s sister Leslie Holmes that she (the sister) had sex with Recktenwald because her mother told her to do so as rent payment; and (5) testimony from Linda Baumgartner that approximately 17 years ago Recktenwald had molested her when she was 11 years old. *Id.*

Respondents argue that, while Recktenwald presented these factual allegations in his direct appeal, he did not present the alleged improper admission of these prior bad acts as a federal constitutional violation (ECF No. 99, pp. 6). Recktenwald argues

4

that he federalized this claim in his direct appeal by citing to Nevada and federal case law regarding the introduction of prior bad acts (ECF No. 102, pp. 11-14). However, while Recktenwald cited to Nevada and federal cases that discussed the application of state law governing the admission of evidence and the Federal Rules of Evidence, he did not invoke federal constitutional provisions in his direct appeal. Exh. 126, pp. 7-11; *Ybarra*, 678 F. Supp. at 1481; *Duncan*, 513 U.S. at 365. Accordingly, ground 1 is unexhausted.

**Ground 2**

Recktenwald contends that the trial court allowed inadmissible expert witness testimony, inadmissible hearsay testimony, and excluded Recktenwald's impeachment evidence, in violation of his Fifth, Sixth and Fourteenth Amendment rights to due process and a fair trial (ECF No. 98, pp. 15-18). He contends that state expert witness Elizabeth Ritchitt improperly attested to M.H.'s truthfulness. He argues that the trial court allowed the state to introduce inadmissible hearsay evidence, including two transcripts of M.H.'s statements to sheriffs and the entire preliminary hearing transcript. Finally, he claims that the trial court improperly denied the admission of a letter written by state witness Charles Moore in which he offered to testify against multiple fellow inmates in return for favorable treatment on his own case. *Id.*

Respondents argue that Recktenwald failed to present these claims as federal constitutional violations on direct appeal (ECF No. 99, pp. 6-7). Recktenwald responds that he argued that the cumulative effect of these errors deprived him of a fair trial (ECF No. 102, p. 15). However, the case law is clear that merely referencing the general principle of a fair trial is insufficient to present a federal constitutional claim to the state court. *Hiivala*, 195 F.3d at 1106. With respect to the admission of the preliminary hearing transcript, Recktenwald argues that in his reply brief to the Nevada Supreme Court he cited to *United States v. Eyster*, 948 F.2d 1196, 1205 (11th Cir. 1991), which relies in part on the Fifth and Fourteenth Amendments (ECF No. 102, pp. 17-18). He

claims that this reference was sufficient to apprise the Nevada Supreme Court of the federal constitutional nature of this portion of ground 2. The Nevada Supreme Court considered this state-law claim and held that the portions of the transcript admitted by the state were properly admitted under state law—NRS 47.120(1). This court disagrees that the Nevada Supreme Court was fairly presented with this claim as a federal constitutional claim. Therefore, the entirety of ground 2 is unexhausted.

**Ground 5**

Recktenwald contends that the prosecutor committed misconduct in violation of his Fifth, Sixth and Fourteenth Amendment rights to due process and a fair trial (ECF No. 98, pp. 20-22). Recktenwald asserts that prosecutor Kirk Vitto personally heard M.H. recant her testimony in a telephone call to the district attorney's office and immediately following her preliminary hearing testimony. He also argues that the prosecutor repeatedly misrepresented the law, vouched for M.H.'s truthfulness, belittled the defense, and made victim impact statements during closing arguments. *Id.* Respondents argue that Recktenwald did not raise this claim as a Sixth Amendment violation in his direct appeal (ECF No. 99, p. 8). In his opposition to the motion to dismiss, Recktenwald fails to demonstrate that he raised the claim as a Sixth Amendment violation on direct appeal (*see* ECF No. 102, pp. 21-23). Accordingly, the Sixth Amendment claim in ground 5 is unexhausted. The remainder of ground 5 is exhausted. *See* exh. 126, pp. 18-21.

**Ground 6**

Recktenwald claims that the trial court erred by not granting his motion for new trial based upon juror misconduct, in violation of the Fifth, Sixth and Fourteenth Amendments (ECF No. 98, pp. 23-24).

Respondents contend that Recktenwald failed to raise this claim as a federal constitutional claim in his direct appeal (ECF No. 99, p. 8). Recktenwald argues that he cited to *Canada v. State*, 944 P.2d 781 (Nev. 1977), which he contends is predicated on

federal constitutional principles (ECF No. 102, pp. 23-24). Having carefully reviewed the state-court record, this court concludes that the claims in federal ground 6 were not fairly presented as federal constitutional claims in Recktenwald's direct appeal. According, ground 6 is unexhausted.

**Ground 8**

Recktenwald alleges the prosecutor failed to disclose material exculpatory evidence and presented false evidence at trial in violation of his Fifth and Fourteenth Amendment due process and fair trial rights (ECF No. 98, pp. 39-40). He alleges that prosecutor Vitto coerced Marker and Hoadley to testify falsely and that M.H. told Vitto she had testified falsely. He also claims that Vitto failed to disclose the terms of the plea deals of witnesses Moore, Dunn and Coleman.

Respondents argue that Recktenwald raised these claims only as ineffective assistance of counsel for failure to object (ECF No. 99, pp. 13-14).

Having carefully reviewed Recktenwald's direct appeal and state postconviction litigation, this court concludes that Recktenwald presented on direct appeal the claim that the victim told the prosecutor that she had lied at the preliminary hearing but the prosecutor failed to disclose that material exculpatory evidence and presented false evidence at trial in violation of his Fifth and Fourteenth Amendment due process and fair trial rights. *See* exh. 126, pp. 18-19. The remaining claims raised in federal ground 8 are unexhausted.

**Ground 9**

Recktenwald alleges ineffective assistance of appellate counsel for failing to raise on appeal the grounds set forth in federal grounds 7 and 8 (ECF No. 98, p. 41). Respondents are correct that Recktenwald did not raise any claims of ineffective assistance of appellate counsel with the Nevada Supreme Court. *See* exhs. 259, 273. Therefore, ground 9 is unexhausted.

7

### b. Procedural Default

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides that this court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

8

To demonstrate a fundamental miscarriage of justice, a petitioner must show the constitutional error complained of probably resulted in the conviction of an actually innocent person. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This is a narrow exception, and it is reserved for extraordinary cases only. *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). Bare allegations unsupplemented by evidence do not tend to establish actual innocence sufficient to overcome a procedural default. *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

### c. Anticipatory Default

Recktenwald argues that if the federal grounds discussed above are unexhausted, this court should deem the claims technically exhausted but apply "anticipatory default." He asserts that if he returned to the state courts with these federal grounds they would be defaulted as untimely and successive. *See* 28 U.S.C. §2254(b)(1)(B). "A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Id.* "A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012) (citing *Coleman v. Thompson*, 501 U.S. at 750)).

Recktenwald presented the claims in federal grounds 1, 2 and 6 to the Nevada Supreme Court, but he presented them as state-law claims only. Most of ground 8 was never presented to the Nevada Supreme Court. He did not present the Sixth Amendment claim in ground 5 to the Nevada Supreme Court. Thus, the court agrees that it is likely that if Recktenwald returned to state court and presented these grounds

as federal constitutional claims, the courts would find these claims procedurally barred as untimely and successive.

Recktenwald next contends that he can demonstrate cause and prejudice to overcome the procedural bar. He asserts that ineffective assistance of appellate counsel is the cause of his failure to raise these claims or to raise them in the state courts as federal constitutional claims (ECF No. 102, pp. 51-52). This argument is unavailing, however, because, as discussed above, Recktenwald has not raised any claim of ineffective assistance of appellate counsel to the Nevada Supreme Court (*see* discussion of federal ground 9, above). The ineffective assistance of appellate counsel claim must be presented to the highest state court as an independent claim before it may be used to establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Thus, applying anticipatory default, the court concludes that grounds 1, 2, 6, most of ground 8 (*see* above) and the Sixth Amendment claim in ground 5 are dismissed as procedurally barred.

As will be discussed below, in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court held that the lack of postconviction counsel or the ineffective assistance of postconviction counsel may provide cause to excuse the procedural default of an ineffective assistance of trial counsel claim. However, the Supreme Court recently held that *Martinez* does not extend to a claim of ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S. Ct. 2058, 2065 (June 26, 2017). Accordingly, this court deems ground 9 technically exhausted/anticipatorily defaulted and subject to dismissal as procedurally barred.

### d. Claims of Ineffective Assistance of Trial Counsel

**Ground 7**

Recktenwald sets forth fourteen claims of ineffective assistance of trial counsel in violation of his Sixth and Fourteenth Amendment rights (ECF No. 98, pp. 24-39). Respondents argue that several subparts are unexhausted.

10

### Ground 7(A)

Recktenwald alleges counsel failed to investigate and present exculpatory testimony from Angelique Marker, Jennifer Hoadley, and Terri Miller (ECF No. 98, pp. 24-26). Respondents argue that, while Recktenwald presented parts of this claim to the Nevada Supreme Court, he has added factual allegations regarding Hoadley and Miller that render this federal claim unexhausted (ECF No. 99, pp. 9-10). The court has carefully reviewed Recktenwald's appeal of the denial of his state postconviction petition and concludes that he has not presented any additional factual allegations with respect to Hoadley that fundamentally alter the claims. *See, e.g., Vasquez v. Hillery*, 474 U.S. 254, 257-258, 260 (1986); *Beaty v. Stewart*, 303 F.3d 975, 989-990 (9th Cir. 2002). However, Recktenwald presents here different factual allegations regarding Miller. *See* exh. 259, p. 8. The claims regarding Miller in ground 7(A) are unexhausted.

### Ground 7(B)

Recktenwald argues that his counsel was ineffective for failing to move to exclude the testimony of the victim, M.H. and for failing to effectively impeach her testimony (ECF No. 98, pp. 26-28). Recktenwald specifically alleges that M.H. indicated in a note that her accusations against Recktenwald were false; she informed the prosecutor that she lied at the preliminary hearing, including about watching television at Recktenwald's home because there was no power at the home at that time; she told defense counsel Gensler that Marker lied when she accused Recktenwald at the preliminary hearing; Gensler filed a motion to withdraw from the case and to disqualify the District Attorney's Office; and when Gensler transferred the case to new defense counsel, he wrote counsel a letter discussing his prior conversations with M.H. and offering his help. However, defense counsel failed to call Gensler as a trial witness and failed to introduce evidence to contradict M.H.'s version of events (ECF No. 98, pp. 27-28).

Recktenwald argued the following in his appeal of the denial of his state postconviction petition to the Nevada Supreme Court: trial counsel was ineffective for

failing to move to exclude the testimony of M.H. on the grounds that she had previously admitted her accusations were false; and for failing to impeach M.H. when defense counsel was aware that M.H. told the prosecutor and had written in a note that she had lied at the preliminary hearing, including about watching television at Recktenwald's home because there was no power at the home at that time. Exh. 259, p. 11; exh. 273, p. 2. This is the only portion of ground 7(B) that is exhausted; the remaining claims in 7(B) are unexhausted.[2]

**Ground 7(C)**

Recktenwald alleges counsel failed to investigate and effectively challenge the testimony of state expert witness Dr. Elizabeth Ritchitt (ECF No. 98, pp. 28-29). Secondly, Recktenwald argues that counsel failed to obtain medical records demonstrating that Recktenwald had difficulty having an erection. *Id.* Respondents are correct that this second portion of ground 7(C) is unexhausted. *See* exh. 259, p. 10. The first portion is exhausted. *Id.*

**Ground 7(E)**

Recktenwald alleges counsel failed to impeach witness Michael Dunn—who testified that he had seen Recktenwald provide M.H. with drugs and had seen the two in the same bed—with Dunn's plea deal in an unlawful possession of a controlled substance case (ECF No. 98, p. 30). Respondents are correct that Recktenwald failed to present this claim to the Nevada Supreme Court (ECF No. 99, p. 11; *see* exh. 259). Ground 7(E), therefore, is unexhausted.

**Ground 7(H)**

Recktenwald contends counsel was ineffective for bringing out Recktenwald's prior convictions on the cross-examination of Debra Coleman (ECF No. 98, pp. 33-34). Respondents argue that Recktenwald presents for the first time the factual allegations

---

[2] To the extent that Recktenwald argues that any portions of ground 7(B) were exhausted through a document attached to the appendix, this argument is unavailing. *See Castillo v. McFadden*, 399 F.3d 993, 999-1000 (9th Cir. 2005) ("To exhaust this claim, Castillo must have presented his federal, constitutional issue before the Arizona Court of Appeals within the four corners of his appellate briefing.").

that counsel failed to object o or strike Coleman's answer and failed to seek a mistrial based on the statement (ECF No. 98, p. 34). The court is not persuaded; Recktenwald has not fundamentally altered the claim he presented to the Nevada Supreme Court. See exh. 259, p.14. Accordingly, ground 7(H) is exhausted.

**Ground 7(I)**

Recktenwald asserts that counsel was ineffective regarding jury instructions on transition (regarding sexual assault versus statutory sexual seduction) and on addict-informant witnesses (ECF No. 98, pp. 34-36). Recktenwald acknowledges that he did not present a claim regarding a jury instruction on addict-informant witnesses (ECF No. 102, p. 36). Therefore, only the claim regarding the jury instruction on transition is exhausted.

**Ground 7(J)**

Recktenwald alleges that his counsel was ineffective for failing to object to Recktenwald's sentencing under both the statutory and habitual offender statutes and for failing to have Recktenwald's son testify on his behalf at sentencing (ECF No. 98, pp. 36-37).

Recktenwald now acknowledges that the following portion of this claim was not presented to the Nevada Supreme Court: that his counsel failed to object to numerous improper comments by the prosecution at sentencing and failed to object at that time that the sentences imposed were cruel and unusual in violation of the Eighth Amendment (ECF No. 98, pp. 36-37; ECF No. 102, p. 37). Thus, that portion is unexhausted. The portion regarding Recktenwald's son is exhausted.

**Ground 7(L)**

Recktenwald alleges counsel was ineffective for failing to seek dismissal of the indictments because they failed to provide Recktenwald with adequate notice (ECF No. 98, p. 38). Petitioner acknowledges that he did not present this claim to the Nevada Supreme Court (ECF No. 102, pp. 37-38). Therefore, ground 7(L) is unexhausted.

13

Petitioner argues that the court should deem any unexhausted claims in ground 7 as technically exhausted/anticipatorily defaulted because if he presented these claims to the Nevada Supreme Court now, the Nevada Supreme Court would find the claims procedurally defaulted (ECF No. 102, p. 35). Recktenwald asserts that he can demonstrate cause and prejudice under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) (ECF No. 102, p. 44).

In *Martinez v. Ryan*, the Supreme Court held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller–El v. Cockrell*, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

132 S.Ct. at 1318-19. In *Trevino v. Thaler*, 133 S.Ct. 1911, 1921 (2013), the Supreme Court applied *Martinez* to procedurally defaulted claims of ineffective assistance of trial counsel in states that technically permit a person to raise an ineffective assistance claim on direct appeal but actually provide no meaningful opportunity to develop the claim. As discussed earlier in this order, in *Davila v. Davis*, 137 S.Ct. 2058, 2065 (June 26, 2017), however, the Supreme Court held that *Martinez* does not extend to procedurally defaulted claims of ineffective assistance of appellate counsel.

In Nevada, a person is generally required to raise claims of ineffective assistance of counsel in state court through a post-conviction habeas corpus petition unless the state district court had developed the facts of the claim before the filing of the direct appeal. *Gibbons v. State*, 634 P.2d 1214, 1216 (Nev. 1981). The Nevada Supreme Court has declined to follow *Martinez* and does not permit ineffective assistance of post-

14

conviction counsel to constitute good cause to excuse the procedural bars under NRS §§ 34.726, 34.810.[3] *Brown v. McDaniel*, 331 P.3d 867, 869 (Nev. 2014).

If Recktenwald returned to state court to raise these claims for the first time, the Nevada Supreme Court would dismiss the petition because it would be successive and outside the one-year time limit to file a petition. Additionally, in Nevada, the ineffective assistance of post-conviction counsel does not constitute good cause to excuse the procedural bars. As such, the court finds that the unexhausted claims in ground 7 are technically exhausted and procedurally barred.

To establish "cause" to overcome procedural default under *Martinez*, a petitioner must show: (1) the underlying ineffective assistance of appellate claim is "substantial"; (2) the petitioner was not represented or had ineffective counsel during the post-conviction review proceeding; (3) the state post-conviction review proceeding was the initial review proceeding; and (4) state law required (or forced as a practical matter) the petitioner to bring the claim in the initial review collateral proceeding. *Trevino v. Thaler*, 133 S.Ct. at 1918.

In this case, Recktenwald establishes the third and fourth requirements because Nevada law requires a petitioner to bring such claims in a post-conviction proceeding. However, because the determination of whether Recktenwald satisfies the first and second requirements are intertwined with the merits of ground 7, the court will defer ruling on the cause and prejudice issue until the merits of ground 7 are briefed in respondents' answer and Recktenwald's reply brief.

e. **Fourth Amendment Claim and *Stone v. Powell***

Independent, substantive Fourth Amendment claims are generally barred from federal habeas review. In *Stone v. Powell*, the United States Supreme Court held that

---

[3] Pursuant to NRS § 34.726(1), a petition that challenges the validity of a judgment or sentence must be filed within one year after entry of the judgment of conviction or within one year after the appellate court issues its remittitur unless there is good cause for the delay. Pursuant to NRS § 34.810(2), (3), a judge must dismiss a second or successive petition if the petition fails to demonstrate good cause for the petitioner's failure to present the claim in the original petition.

15

allegations of violations of a petitioner's Fourth Amendment rights are not cognizable in federal habeas corpus actions provided that the petitioner has a "full and fair" opportunity to litigate these claims in state court. *Stone v. Powell*, 428 U.S. 465, 481 (1976); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). To be eligible for habeas relief on Fourth Amendment claims, a petitioner must demonstrate that the state court has not afforded him a full and fair hearing on those claims. *Stone*, 428 U.S. at 494 n.37.

**Ground 3**

Recktenwald alleges that the trial court erroneously denied his motion to suppress regarding a violation of his right against unreasonable search and seizure, in violation of his rights under the Fourth, Fifth and Fourteenth Amendments (ECF No. 98, p. 18). This is, in fact, a Fourth Amendment claim, and Recktenwald presented it as such to the Nevada Supreme Court on direct appeal. *See* exh. 126. He now disputes that he had a "full and fair" opportunity to litigate this claim because, while he filed a counseled motion to suppress and the state responded, the trial court denied the motion without a hearing. *See* exhs. 55, 56, 112. However, as the Nevada Supreme Court observed, Recktenwald has not cited to case law that supports his contention that the trial court was required to hold a hearing on the motion to suppress. He has not demonstrated that he was denied a full and fair opportunity to litigate the motion to suppress. Accordingly, ground 3 is dismissed as noncognizable in federal habeas corpus.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 99) is **GRANTED** in part as follows:

Grounds 1, 2, 6, and 9 are dismissed as procedurally barred.

The Sixth Amendment claim in ground 5 is dismissed as procedurally barred.

The following portion of ground 8 is exhausted and ready for merits disposition: the claim that the victim told the prosecutor that she had lied at the preliminary hearing

but the prosecutor failed to disclose that material exculpatory evidence and presented false evidence at trial in violation of his Fifth and Fourteenth Amendment due process and fair trial rights. All other claims in ground 8 are dismissed as procedurally barred.

Ground 3 is dismissed as noncognizable.

A decision on any subparts of ground 7 is deferred to the merits disposition.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file excess pages (ECF No. 104) is **GRANTED**.

**IT IS FURTHER ORDERED** that respondents' motion for leave to file excess pages (ECF No. 106) is **GRANTED**.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** to file an answer to the remaining grounds in the petition.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** after the date of service of the answer in which to file the reply in support of the petition.

DATED: 22 August 2017.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE